IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICK HOPKINS,

        Plaintiff,                          06cv0304

     v.                              ELECTRONICALLY FILED

GNC FRANCHISING, INC.,

        Defendant.

## Memorandum Opinion

### I.  Background

This is an action for wrongful termination of franchise agreements.  Plaintiff, Patrick Hopkins ("Hopkins"), was a General Nutrition Center ("GNC") franchisee who operated five GNC stores located in Florida, Georgia and North Carolina.  Upon his default under the franchise agreements, GNC terminated his five franchises.

On October 28, 2005, Hopkins filed a civil complaint and motion for temporary restraining order ("TRO")/preliminary injunction before this Court at Civil Action No. 05-1510 (hereinafter referred to as "Hopkins I").  United States Magistrate Judge Francis X. Caiazza conducted a hearing on the motion for TRO/preliminary injunction and issued a Report and Recommendation in which he recommended that said motion be denied.  On December 9, 2005, this Court issued an Order adopting the Report and Recommendation as the opinion of the Court.  GNC then filed a motion to dismiss the underlying complaint in Hopkins I contending that plaintiff's five count complaint alleging (1) violation of a class action settlement, (2) common law fraud, (3) violation of the Florida Deceptive Trade Practices Act, (4) breach of implied covenant of good faith and fair dealing, and (5) tortious inference, failed to state a claim under Fed. R. Civ. P. 12(b)(6).

On January 13, 2006, this Court issued a Memorandum Opinion and Order granting said motion to dismiss in its entirety and closing the case. (*see* Hopkins I, doc. nos. 26 and 27). Specifically, in its January 13, 2006 Order, this Court dismissed counts one through four with prejudice, and dismissed count five (tortious inference) without prejudice.

 Instead of properly filing: a motion to amend the complaint (which is commonly done when any claim in a motion to dismiss is granted without prejudice); a motion for reconsideration; or, an appeal of said Order, plaintiff waited approximately two months (until March 8, 2006) to file the instant civil action (hereinafter referred to as "Hopkins II").[1]

On April 28, 2006, GNC filed a motion to dismiss Hopkins II.  At the initial status conference, this Court asked the parties for additional briefing on the issue of whether plaintiff's instant suit should be dismissed on the basis of claim preclusion.[2]

After careful consideration of GNC's motion to dismiss (doc. no. 9), plaintiff's response, GNC's reply, and plaintiff's sur-reply thereto, said motion will be GRANTED.

## II.  Standard of Review

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. <u>Armstrong Surgical Center, Inc. v. Armstrong County</u>

---

[1]The factual allegations in the instant action are virtually identical to the facts alleged in Hopkins I.  Moreover, Hopkins II, like Hopkins I, alleged a breach of contract claim, and also a tortious interference claim, and the legal claims are based upon the exact same set of facts as was set forth in Hopkins I.

[2]Defendant's brief in support of the motion to dismiss indirectly argues preclusion.  See Hopkins II, doc. no. 10, at 1-2.

Memorial Hospital, 185 F.3d 154, 155 (3d. Cir. 1999). A claim should not be dismissed for

failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no

set of facts in support of its allegations which would entitle it to relief. Conley v. Gibson, 355

U.S. 41, 45-46 (1957); Marshall-Silver Construction Co. v. Mendel, 894 F.2d 593, 595 (3d. Cir.

1990).

In making this determination, the court must construe the pleading in the light most

favorable to the non-moving party. Budinsky v. Pennsylvania Dept. of Environmental Resources,

819 F.2d 418, 421 (3d. Cir. 1987). Further, the Federal Rules of Civil Procedure require notice

pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make

out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the

disputed issues, the parties may avail themselves of the civil discovery mechanisms under the

Federal Rules." Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004), quoting Swierkiewicz v.

Sorema, N.A., 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on

liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

### III.  Discussion

In support of its motion to dismiss, GNC argues that the complaint in Hopkins II should

be dismissed with prejudice on the basis of:  the doctrine of claim preclusion; failure to raise all

claims at one time (claim splitting); and failure to state a claim upon which relief may be granted.

### A.  Claim Preclusion

The defense of claim preclusion requires a defendant to demonstrate: (1) a final judgment

on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent

suit based upon the same cause of action.  United States v. Athone Indus. Inc., 746 F.2d 977, 983

Case 2:06-cv-00304-AJS   Document 17   Filed 05/31/06   Page 4 of 8

(3d Cir. 1984) (citations omitted). "Claim preclusion prevents a party from prevailing on issues he might have but did not assert in a prior action." Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir. 1988). Claim preclusion binds the parties not only as to matters actually litigated in an earlier action, but also "binds the parties as to every matter which was or could have been offered to sustain or defeat the cause of action." Jamerson v. Lennox, 356 F.Supp. 1164, 1169 (E.D. Pa. 1975)(three judge panel).

The parties do not dispute that the same parties were involved in Hopkins I and Hopkins II. Further, the parties do not dispute that the instant suit (Hopkins II) was based upon the same cause of action raised in the prior action (Hopkins I). Therefore, the only issue is whether there was a final judgment on the merits in the prior action.

Plaintiff contends, citing Saudi v. Acomarit Maritime Services, S.A., 144 Fed. Appx. 449, 454 (3d Cir. 2004), that there is no claim preclusion as to the claim for tortious interference because a dismissal without prejudice is not considered to be a final judgment on the merits. Although plaintiff correctly cites the law that a dismissal without prejudice is not a final judgment, the fact remains that by not appealing that decision and by not filing a motion to amend in Hopkins I, plaintiff forfeited that cause of action. In essence, because plaintiff failed to move to amend the complaint, and because he failed to appeal the decision, the dismissal became a final judgment. Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (Generally an order dismissing a complaint without prejudice is not a final order unless plaintiff declares his intention to stand on his complaint); see also, Garber v. Lego, 11 F.3d 1197, 1198 (3d Cir. 1993)[3]

---

[3]In his response to the motion to dismiss in Hopkins II, plaintiff alleges that he requested the Court's permission to amend his complaint in Hopkins I, and that request was not granted. On the contrary, plaintiff filed no formal motion to amend, but rather, a one line statement at the

As defendant emphasizes in its reply to the motion to dismiss, through the Memorandum Opinion and Order in Hopkins I, this Court provided plaintiff with a "roadmap" of how to cure the defects in its original complaint.  Rather than attempting to cure those defects by filing a motion to amend his complaint, plaintiff simply ignored the Court's guidance and filed the instant action (Hopkins II) two months later.

The doctrine of claim preclusion also applies to bar the instant breach of contract claim. In Hopkins I, plaintiff brought a common law fraud claim, which this Court dismissed with prejudice and, at that time (see Hopkins I, doc. no. 26, page 5, footnote 1) explained that to the extent plaintiff made allegations of fraud based upon the "terms of provisions of the franchise agreement," such allegations were better suited to a potential breach of contract action.  Again, this Court gave plaintiff a "roadmap" for the future filing of an amended complaint - a "roadmap" which plaintiff chose to disregard.

For these reasons, the instant action is barred by the doctrine of claim preclusion.

## B.  Failure to State a Claim

Further, upon review of plaintiff's complaint in Hopkins II on the breach of contract claims (counts one and two), this Court finds that plaintiff simply recasts his common law fraud claim (from Hopkins I) as a breach of contract claim.

---

end of a 16 page brief in opposition to the motion to dismiss.  The Court granted the motion to dismiss with prejudice as to counts one-four and without prejudice as to count five.  It was plaintiff's duty to file a formal motion to amend at that time, and his failure to do so may not be imputed to the Court.  See Borelli v. City of Reading, 532 F.2d 950 (3d Cir. 1976)("Although the district court's order did not mention amendment [of pleadings], an implicit invitation to amplify the complaint is found in the phrase 'without prejudice.'").  However, even if plaintiff's tortious interference claim is not barred by the doctrine of claim preclusion, plaintiff's breach of contract action is definitively barred because this Court issued a final judgment on the merits when it dismissed the contract based claim for breach of implied covenant of good faith and fair dealing.

In order to properly plead a claim for breach of contract under Pennsylvania law, a plaintiff must demonstrate: (1) the existence of a valid and binding contract to which they and the other defendants were parties; (2) the contract's essential terms; (3) that they complied with the terms of the contract; (4) that the defendant breached a duty imposed by the contract; and (5) damages resulting therefrom.  Gundlach v. Reinsten, 924 F.Supp. 684, 688 (E.D. Pa. 1996). Plaintiff must point to a specific contractual provision or provisions that a defendant breached, and the failure to do so warrants dismissal.  Id.

Here, much like plaintiff's failed tort claims in Hopkins I, plaintiff recites a list of grievances against GNC, none of which give any reference to any alleged duty that GNC breached based upon the franchise agreements.  For example, in paragraph 81 of the complaint, plaintiff avers the following

> 81.   GNC breached the express and implied duties of their contract with Plaintiff in one or more of the following respects:
>    a.   by fraudulently inducing Plaintiff to enter into a franchise agreement with GNC;
>    b.   by using funds kept in trust for the GNC advertising fund for impermissible means;
>    c.   by failing to perform its contractual duties in good faith;
>    d.   by failing to deal fairly with plaintiff;
>    e.   by failing to act in the best interests of Plaintiff as a GNC franchisee;
>    f.   by failing to act in a commercially reasonable manner;
>    g.   by wrongfully terminating Plaintiff's franchises.

Hopkins II, doc. no. 1,  ¶ 81.

These claims, like the ones in Hopkins I, are merely tort claims that plaintiff attempts to

recast under a breach of contract theory of liability.  Plaintiff has utterly failed to allege that GNC

breached any specific contractual provision, and his failure to do so warrants a dismissal.

Similarly, as to plaintiff's claim for tortious interference (count three), said claim must

also be dismissed because plaintiff can not demonstrate all of the elements required to sustain a

cause of action for tortious interference.  As rehearsed in Hopkins I, under Pennsylvania law, a

cause of action for tortious interference with contractual relations has the following elements: (1)

the existence of a contractual relation between plaintiff and a third party; (2) purposeful action on

the part of defendant, with specific intent to harm the existing relationship; (3) the absence of

privilege or justification on the part of defendant; and (4) actual legal damages resulting

therefrom.  CBG Occupational Therapy, Inc. v. RHA Health Services, Inc., 357 F.3d 375, 384

(citing Crivelli v. General Motors Corp., 215 F.3d 386, 394 (3d Cir. 2000)).  Just like Hopkins I,

in the instant complaint, plaintiff fails to allege the "absence of privilege or justification" for

GNC's alleged contractual interference.  Plaintiff has failed to aver any facts supporting a claim

for absence of privilege or justification because there are none.  In fact, the franchise agreements

(which were attached to plaintiff's complaint) provide ample justification for GNC's decision to

deny the alleged buyer plaintiff had secured.  Section XIV.B.1 of the Franchise Agreements

states: "neither the Franchisee nor any immediate or remote successor . . . . shall sell, assign,

transfer, convey or give away any direct or indirect interest in this franchise or in Franchisee

without prior written consent of Franchisor."  (Hopkins II, doc. no. 1, exhibit 4, page 1).

Accordingly, plaintiff's claim for tortious interference fails to state a claim upon which relief

may be granted.

For the reasons set forth hereinabove, this Court finds that the doctrine of claim

preclusion applies and that plaintiff has failed to set forth claims upon which relief may be

granted.  Therefore, this Court will grant GNC's motion to dismiss with prejudice.

     An appropriate order follows.

s/Arthur J. Schwab         
Arthur J. Schwab
United States District Judge

cc:     All counsel of record